UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HILDA L. SOLIS, | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 12-CV-588-JED-PJC |
| | ) |
| EL TEQUILA, LLC, and | ) |
| CARLOS AGUIRRE, | ) |
| | ) |
| | ) |
|         **Defendants.** | ) |

## OPINION AND ORDER

The Court has for its consideration Defendants' Second Motion to Dismiss and Brief in Support (Doc. 26). The defendants argue that plaintiff's complaint contains nothing more than conclusory allegations and therefore is subject to dismissal under the relevant pleading standard.

Plaintiff, Seth D. Harris, Acting Secretary of Labor for the United States Department of Labor, has alleged claims against defendants El Tequila, LLC and Carlos Aguirre for violations of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff contends that defendants violated the FLSA's provisions regarding payment of minimum wage, overtime, and record keeping. Specifically, the second amended complaint (Doc. 24) alleges that defendant Aguirre owns El Tequila, LLC which operates four restaurants in the Tulsa area, and that these restaurants pay their employees a weekly salary which remains the same regardless of the number of hours worked. Plaintiff further alleges that these employees routinely work six to seven days per week, making their salary less than the minimum wage in violation of the FLSA. The complaint also asserts that the defendants' conduct violates the FLSA because these employees routinely work more than 40 hours per week without being paid overtime. Finally, the complaint alleges that the defendants do not require employees to keep track of their hours

and that defendants do not keep records of the hours worked by their employees in violation of the FLSA.

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] In considering a motion under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. Although decided within an antitrust context, *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C*., 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc*., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be

---

[1] Although defendants' motion to dismiss also states that is it made pursuant to Rule 12(b)(1), i.e. subject matter jurisdiction, the arguments contained in the motion do not include subject matter jurisdiction. Thus, the defendants' motion will be treated solely as one made pursuant to Rule 12(b)(6). The Court nonetheless observes that jurisdiction is proper under 28 U.S.C. § 1331 as plaintiff alleges claims based upon violations of the FLSA.

based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (quoting *Hall v. Bellmon*, 935 F.3d 1106, 1109-10 (10th Cir. 1991)).

The Court finds that plaintiff has sufficiently pled his FLSA claims under the *Twombly*/*Iqbal* standard. Determining whether a complaint has sufficiently stated a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Here, the claims at issue – minimum wage, overtime, and record-keeping violations – are straightforward and capable of being described without reference to a large body of facts. As plaintiff puts it, the second amended complaint "alleges conduct that in and of itself constitutes violations of the Act", and the defendants either did or did not engage in this conduct, which remains to be seen. (Doc. 27, at 4).

The second amended complaint sets forth that the minimum wage violations resulted from paying employees of the alleged enterprise less than the minimum hourly rate mandated by the FLSA due to employees being paid a flat salary regardless of the number of hours worked (Doc. 24, at 3-4); that the overtime violations resulted from defendants not paying their employees proper overtime for hours worked in a week that exceeded 40 (*id*., at 4); and that the record-keeping violations resulted from defendants failure to record the number of hours their employees worked or to have their employees to do so (*id*., at 4-5). The Court finds that the allegations contained in the second amended complaint discussed above are non-conclusory and, when viewed as a whole and in the light most favorable to plaintiff, are clearly more than adequate to render it "plausible on its face." *Twombly*, 550 U.S. at 555.

**IT IS THEREFORE ORDERED** that Defendants' Second Motion to Dismiss and Brief in Support (Doc. 26) is **denied**. Defendants are directed to file their Answer(s) on or before August 1, 2013.

**IT IS FURTHER ORDERED** that the parties are to submit a joint status report within 21 days.

**SO ORDERED** this 17th day of July, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE