IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

THOMAS E. PEREZ, Secretary of Labor, )
)
)
Plaintiff, )
)
v. ) Case No. 12-CV-588-JED-PJC
)
EL TEQUILA LLC, and )
CARLOS AGUIRRE, )
)
Defendants. )

## OPINION AND ORDER

Before the Court is the Plaintiff's Motion to Compel Answers, Responses, Documents and the Deposition of the Author of Exhibit 1 to Defendants' Reply to Defendants' First Motion to Compel. [Dkt. No. 129]. The motion is **GRANTED**.

## BACKGROUND

This is an action by the Secretary of Labor ("SOL") to enforce provisions of the Fair Labor Standards Act (FLSA"). At the heart of the instant dispute is a document entitled *Department of Labor Basic Case Data* (hereafter, "the Exhibit"), which was attached as Exhibit 1 to Defendants' Reply Brief in Support of Defendants' Motion to Compel Discovery. [Dkt. No. 72].

Our story begins with service of discovery requests by the SOL in January 2014. Interrogatory No. 5 asked:

> Please identify each and every expert used by Defendant for consultation who is not expected to be called as a witness at trial but whose work product forms a basis, either in whole or in part, of the opinions of an expert who is to be called as a witness . . . .

Request for Production No. 27 asked for every document that relates to any expert retained by Defendants to "testify and/or consult with regard to this litigation." [Dkt. No. 129-1].

Defendant responded that it would abide by the Court's Scheduling Order regarding expert identification, and stated that there were no documents responsive to Request No. 27. [Dkt. No. 141-1].

Meanwhile, in a separate discovery dispute {*see* Dkt. No. 62], Defendants sought information about persons the SOL had interviewed in determining that Defendants had violated the FLSA. On August 8, 2014, in their Reply in support of the Motion to Compel, the Defendants attached the Exhibit and referred to it as a document created by the SOL. The SOL did not recognize the Exhibit as a document created by the Department of Labor; accordingly, on August 11, 2014, the SOL inquired about the origin of the Exhibit. On August 20, 2014, the parties met face-to-face to confer over outstanding discovery disputes. The SOL states that during that meeting, Defense counsel informed the SOL that the Exhibit was *not* created by the Department of Labor, but had been created by Defendants' "consulting expert."

The SOL now seeks discovery concerning the Exhibit, including who authored it, underlying data concerning it, and the like. Defendants contend, among other things, that this information is privileged.

## APPLICABLE LEGAL PRINCIPLES

In a case, such as this, in which jurisdiction is based on a federal question, the work-product doctrine is governed by a uniform standard embodied in Rule 26(b)(3). Expert work-product is governed by Rule 26(b)(4). Tenth Circuit law interpreting the scope of discovery permissible under Fed. R. Civ. P. 26(b)(4), recognizes four categories of experts with differing discovery limitations:

(1) Experts a party expects to use at trial. The opponent may learn by interrogatories the names of these trial witnesses and the substance of their testimony but further discovery concerning them can be had only on motion and court order.

(2) Experts retained or specially employed in anticipation of litigation or preparation for trial but not expected to be used at trial. Except as provided in Fed.R.Civ.P. 35 for an examining physician, the facts and opinions of experts in this category can be discovered only on a showing of exceptional circumstances.

(3) Experts informally consulted in preparation for trial but not retained. No discovery may be had of the names or views of experts in this category.

(4) Experts whose information was not acquired in preparation for trial. This class, which included both regular employees of a party not specially employed on the case and also experts who were actors or viewers of the occurrences that gave rise to suit, is not included within Rule 26(b)(4) at all and facts and opinions they have are freely discoverable as with any ordinary witness.

*Metris U.S.A., Inc. v. Faro Technologies, Inc.*, 2009 WL 2916811, *2 (D.Colo. Sept. 8, 2009) (*citing Ager v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496, 500-01 (10th Cir. 1980)).

In order to establish limitations on the scope of discovery regarding an expert, the party resisting discovery must establish which of the four categories of experts applies. *Ager*, 622 F.2d at 502.

For example, Rule 26(b)(4)D) generally bars discovery as to consulting experts who have been specially retained, but who are not expected to testify at trial. Such discovery is ordinarily precluded absent a showing of exceptional circumstances.

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (**i**) as provided in Rule 35(b); or
>
> (**ii**) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D).[1]

---

[1] While the Rule appears, on its face, to preclude discovery only as to "facts known and opinions held" by a consulting expert, the Tenth Circuit has interpreted the Rule to include the *identity* of a consulting, non-testifying expert. *Ager,* 622 F.2d at 503. This is now the majority view. *Kuster v. Harner*, 109 F.R.D. 372, 374 (D. Minn. 1986) (It is clear that the Tenth Circuit's view has become the prevailing one since *Ager*). *See,* 8A Charles Alan Wright, Arthur R.

Thus, to establish that this limitation applies, the party resisting discovery must show that the expert has been retained by that party, in anticipation of litigation or to prepare for trial, but is not expected to testify at trial. This may be established by affidavit or even by an *in camera* submission to the Court.

Whether a party is asserting work-product protection under Rule 26(b)(3) or expert work-product protection under Rule 26(b)(4), the party resisting discovery has the burden of showing that a privilege or work-product protection applies. Work-product protection requires a showing of the following elements:

1) Documents or tangible things;

2) Prepared in anticipation of litigation or for trial;

3) By or for another party or that party's representative.

Rule 26(b)(3)(A).

## DISCUSSION

Insofar as Plaintiff's January 2014 Interrogatory No. 5 sought information about Defendants' consulting, non-testifying experts, Defendants' discovery response was appropriate. Generally, this Court defers discovery as to testifying experts until the deadlines set forth in the trial judge's Scheduling Order. Rule 26(b)(4)(D) precludes discovery regarding a specially retained, non-testifying, consulting expert – absent a showing of unusual circumstances.

Did the disclosure of the Exhibit alter this framework?

---

Miller & Richard L. Marcus, Federal Practice and Procedure § 2032 (3d ed. 2010).

5

Once the Exhibit was disclosed to the SOL, Plaintiff had a natural desire to learn where the document came from. Defendants have resisted SOL's attempts to discover the origin of the Exhibit, stating that disclosure of the document was an "inadvertent error," and that Plaintiff is seeking a "tactical advantage" by pursuing information about the Exhibit. [Dkt. No. 141, at 3]. Defendants contend that communication between their counsel and a consulting expert is privileged and protected by the work-product doctrine. [*Id.*, at 4]. Defendants further deny that the privilege has been waived. [*Id.*, at 5]. Defendants also contend, without explanation, that the issue of discovery concerning the Exhibit has not been properly presented to the Court. [*Id.*, at 6].

First, it is clear that Defendants' disclosure of the Exhibit was not inadvertent. Defendants fully intended to disclose the Exhibit. It was attached as the only exhibit to Defendants' Reply in support of a Motion to Compel and was specifically referred to in their brief. [Dkt. No. 72]. While counsel may have erred in believing that the Exhibit was created by the Department of Labor, there is no question that disclosure of the document was intentional.

Second, Defendants have offered no basis for the Court to find that the document is privileged or protected. Defendants have the burden of establishing their claim of protection.

> Questions surrounding claims of work-product protection generally involve critical factual issues as to whether the materials at issue were prepared at the direction of a party or the party's representative "in anticipation of litigation." Fed.R.Civ.P. 26(b)(3)(A).

> The party asserting privilege or protection bears the burden of showing that the protection applies. *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

*Burke v. Glanz*, 2013 WL 3994634, *2 (N.D.Okla. Aug. 5, 2013).

> The determination of the status of the expert rests, in the first instance, with the party resisting discovery. Should the expert be considered informally consulted, that categorization should be provided in response. The propounding party should then be provided the opportunity of requesting a determination of the expert's status based on an in camera review by the court.

*Ager*, 622 F.2d at 502.

Defense counsel cannot make this determination unilaterally; there must be some record available for the Court's review.

> Because of the often fact-dependant nature of the question of whether an expert was consulted in anticipation of litigation or rather in the regular course of business, counsel is not at liberty to make this determination without allowing review by the court.

*Bergeson v. Dilworth*, 749 F.Supp. 1555, 1565 (D.Kan. 1990) (*citing Ager*).

Here, Defendants have resisted Plaintiff's discovery as to the Exhibit, by bandying about the terms "consultant" and "consulting expert." However, bandying does not establish a genuine basis for work-product protection. More is required. The burden is on the party claiming privilege or work-product protection to state "specifically and establish to the court's satisfaction the facts supporting each of the requisite elements." Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine* 649 (4th ed.).

Defendants have not met that burden. They have offered no evidentiary support for their claim that the Exhibit is the work of a consulting expert who was specially retained, but who is not expected to testify. Thus, the Court has no basis upon which to conclude that information concerning the Exhibit is protected from discovery.

Finally, even if Defendants had established a basis for work-product protection, that protection was waived by intentional and prolonged disclosure. Defendants have made no showing that they attempted to keep the document confidential – it was not marked "Confidential" or "Work-Product Protected." There is no record evidence that the Exhibit was ever listed on a privilege log. Furthermore, following disclosure, Defense counsel made no attempt from August 8 until September 23, 2014, to remove the Exhibit from the public record. [Dkt. Nos. 72 & 108]. *U.S. v. MIT*, 129 F.3d 681, 687 (1st. Cir. 1997) (prevailing rule is that disclosure of work product to an adversary, real or potential, forfeits protection of ordinary work product.).

**ACCORDINGLY**, Plaintiff's Motion to Compel is **GRANTED**.

**DATED** this 10th day of December 2014.

_____
Paul J. Cleary
United States Magistrate Judge