IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF OKLAHOMA


THOMAS E. PEREZ, Secretary of      )
Labor, U.S. Department of Labor,   )
                                   )
       Plaintiff,                  )
                                   )
v.                                 )    Case No. 12-CV-588-JED-PJC
                                   )
EL TEQUILA LLC and                 )
CARLOS AGUIRRE, Individually,      )
                                   )
       Defendants.                 )

## ORDER AND OPINION

Before the Court is Defendants' Fourth Motion to Compel Discovery. [Dkt. Nos. 167 & 168]. For the reasons set forth below, the Motion is **DENIED**.

This is an action under the Fair Labor Standards Act ("FLSA"). Plaintiff claims that Defendants have not paid employees at their restaurants in accordance with the minimum wage and hour provisions of the FLSA.

A short chronology of key events is useful for purposes of analysis herein:

**July 24, 2014** – Matthew P. Sallusti, counsel for Plaintiff, and Michael Speer, Plaintiff's District Director for the Oklahoma City District Office, spoke by telephone with counsel for Casio Computer Co. (Mr. "Shapiro") and an employee of Casio (either Glenn Deal ("Deal") or Gary Leonhardt ("Leonhardt")[1]) who is knowledgeable about Casio cash registers/computers.

---

[1] Sallusti and Speer do not remember whether they interviewed Deal or Leonhardt in this telephone interview, but there is no dispute between the parties that it was one of these men.

1

**August 2014** – Plaintiff retains Deal and Leonhardt as expert witnesses in this case to describe certain functions of the Casio cash registers/computers.

**August – November, 2014** – Plaintiff's counsel works/communicates with the expert witnesses, regarding their expert report.

**November 21, 2014** – Plaintiff provides Defendants with an expert report signed by Glenn Deal and Gary Leonhardt. The report explains that time records produced by Defendants indicate that the records were manually altered and the meaning of certain "edit" marks appearing on the time records.[2] [Plaintiff's Expert Designation and Report, Dkt. No. 173-1].

**December 31, 2014** – Defendants depose Speer.

**January 9, 2015** – Discovery closes.

**February 6, 2015** – Defendants file their Fourth Motion to Compel Discovery. In their motion, Defendants seek to compel Speer to answer two specific certified deposition questions and seek to compel answers to questions about Speer's July 2014 conversation with Deal or Leonhardt.

## DISCUSSION

The Court will first address the issues the certified deposition questions which are designated Discovery Dispute No. 2 and No. 3.

---

[2] The expert report lists specific time records produced by Defendants that the experts reviewed and relied upon in formulating their expert opinions. Time records Bates numbered "El Tequila 3280, 6874, 6881, 6889, & 6894," were identified to Defendants as samples of the time records the experts reviewed and relied upon. Defendants' previous attempt to argue that the experts had failed to provide the facts or data they considered was rejected by the District Court. [Dkt. No. 174].

**Discovery Dispute No. 2. Certified Question:**

> If you didn't do an analysis, then isn't it true that you cannot possibly say today with any degree of certainty whether or not there would have been an increase or a decrease in liability to El Tequila?

[Speer dep. P. 83, lines 1-5, Dkt. No. 173-2].

An initial calculation of back pay owed by Defendants was performed by Wage and Hour investigator Ybelka Hernandez. This calculation covered the time period from 2009 up to August 2011. Thereafter, Speer made revisions to the initial calculation, among other things extending the time period covered to December 2011. Defense counsel asked Speer if during a "review analysis" in October whether Speer had determined that El Tequila's liability should be reduced. [Dep. P. 82, lines 1-4]. Speer stated that he "did not do an analysis" [*Id.* at lines 21-22], but that the liability number would have increased "more than likely." [*Id.*, lines 22-23]. Later, Speer explained that the number would have increased because "the period of time of liability for El Tequila increased through December 2011," adding five months to the calculation. [*Id.* at p. 84, lines 11-14].

Counsel's question asked how Speer could know that the liability likely increased if he didn't perform an analysis, and Speer answered that question clearly. When Counsel demanded Speer answer the certified question, Speer said "I'm confused by your question." [*Id.* at p. 83, lines 13-14]. Rather than clarify the question, Counsel demanded Speer answer the certified question.

The Court finds that Speer fully answered the question to the best of his ability. The Motion to Compel further answer is **DENIED**.

**Discovery Dispute No. 3. Certified Question:**

> Do you know as you sit here testifying, whether any other witness is going to testify that the alterations and edits made by El Tequila with regard to the Casio computer register data was improperly done?

[Dkt. No. 173-2, p. 121, lines 7-11].

In attempting to answer this question, Speer stated that he did not know who was going to be called as a witness to testify, and, therefore, did not know the answer to the question:

> I don't know who is going to be called to testify in this case, so I don't know.

[*Id.*, at p. 120, lines 22-23].

Defense counsel insisted that his question had only two possible answers, "yes" or "no," and demanded that Speer answer his question accordingly. [*Id.* at p. 121, lines 14-17].

Upon review of the deposition, the Court finds that Speer answered the question to the best of his ability. Since he did not know who the witnesses would be at trial, he could not say whether anyone else would testify as to certain facts. Counsel could have rephrased the question so that it was not limited to persons who would testify, but instead insisted that Speer answer the certified question. Speer answered that question as best he could. Defendants' motion to compel further answer is **DENIED**.

**Discovery Dispute No. 1. Speer's telephone conversation with Casio witness.**

After Plaintiff received employee time records from Defendants during discovery, Plaintiff noticed that the computer apparently made certain codes or "edit" marks on the records. Speer and attorney Sallusti consulted about what these markings meant and

4

how they could understand them. [Dep., p. 93, lines 13-19]. Thereafter, in July 2014, Speer made a telephone call to Casio's legal department for assistance in finding a Casio employee who could offer Plaintiff some guidance on this issue. [Dep., p. 93, line 23- p. 94, line 5]. Speer spoke with a Mr. Shapiro in the legal department who said he would be willing to assist. [*Id.* at lines 7-9].

On July 24, 2014, a second telephone conversation took place. On this call were Speer and Sallusti from the Department of Labor, and Shapiro and either Deal or Leonhardt, from Casio.[3]

In August 2014, Plaintiff decided to designate Deal and Leonhardt as testifying experts for purposes of explaining the codes and edit marks on the El Tequila time records. An expert report was provided to the Defendants on November 21, 2014. The report indicated what data the experts had considered and their expected testimony as to the time records at issue.[4] [Dkt. No. 173-1].

Defense counsel did not depose Deal or Leonhardt.

On December 31, 2014, Defendants deposed Speer and asked him to tell them about his conversation with the Casio expert on July 24. Counsel instructed Speer not to answer these questions on the grounds of work product, attorney-client privilege and counsel's communications with retained expert.

---

[3] At a hearing on March 17, 2015, Plaintiff's counsel presented to the Court for *in camera* review, documents related to his conversations with Casio's employees.
[4] Five days after receiving the expert report, Defendants moved to strike Deal and Leonhardt as expert witnesses on the ground that their report did not meet the requirements of Fed.R.Civ.P. 26. [Dkt. Nos. 147 & 148]. The Court rejected Defendants' contentions and denied Defendants' motion on February 13, 2015. [Dkt. No. 174].

Defendants contend that the instruction not to answer is improper. The Court disagrees. In order to best analyze the situation, the Court will break Plaintiff's communication with Casio into two time periods: First, communications occurring before Plaintiff decided to retain the Casio witnesses as experts, *i.e.*, July 24, 2014 to August 2014; second, communication occurring after the witnesses were retained as experts, *i.e.*, after August 2014.

**(1) Communications between July 24, 2014 and August 2014.**

These communications are protected by the work product doctrine. The record evidence establishes that the July 24 interview of Casio employees was undertaken after consultation with Plaintiff's counsel and that counsel was part of the interview procedure. This work was undertaken as Plaintiff developed and refined its trial strategy. The interview was done so that Plaintiff's counsel could understand the computer markings and codes on Defendants' employee time records. As of this date, the Casio witness had not been retained as an expert; thus, the communication with him was investigatory in nature as Plaintiff's counsel explored the meaning of certain computer codes displayed on time records produced by the Defendants.

Rule 26(b)(3) protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative…." However, courts have extended this protection to oral communications with a witness, especially when the witness has been identified and is available for deposition. *See*, *Hickman v. Taylor*, 329 U.S. 495 (1946).

> Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. The practice forces the attorney to

testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks. Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness. The standards of the profession would thereby suffer.

*Id.* at 512-13. *See also*, Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine, vol. 2, at 815-16 (5th ed.); *Ownby v. U.S.*, 293 F. Supp. 989, 990 (W.D. Okla. 1968) (denying access to witness interviews conducted at direction of counsel when there was no showing made that the witnesses were unavailable).

The interviews of Casio employees at the direction of Plaintiff's counsel are protected by the work-product doctrine. Documents produced to the Court for *in camera* review establish that the purpose of the interview was for counsel to understand the computer codes reflected on Defendants' time records and to develop a coherent litigation strategy in prosecuting the case. Defendants have not been denied any discoverable information. Defendants have made no showing that the employees – Deal and Leonhardt – were unavailable for deposition.

**(2) Communications after August 2014.**

By August 12, 2014, Plaintiff had retained Deal and Leonhardt as expert witnesses. The Court has reviewed *in camera* the documents exchanged between Plaintiff's counsel and Deal and Leonhardt. These documents clearly fall within the protection of Rule 26:

> Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> (i) relate to compensation for the expert's study or testimony;

7

> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. 26(b)(4)(C).

The 2010 amendments to Rule 26 specifically provided protection for drafts of an expert report. *See* Advisory Committee Notes, 2010 Amendments ("Rule 26(b)(4)(B) is added to provide work-product protection under Rule 26(b)(3)(A) and (B) for drafts of expert reports or disclosures."). After reviewing *in camera* the documents submitted by plaintiff's counsel at the March 17 hearing, the Court finds that these documents and the communications they represent are protected from discovery by Rule 26(b)(4)(B). They consist largely of drafts of the expert report, now specifically protected by the 2010 amendments to Rule 26.

Defense counsel contends that once the Casio witnesses were retained as experts in August 2014, it rendered their July 24 communications with Plaintiff's counsel discoverable. Counsel has provided no authority for this position and the Court rejects it. The Defendants are entitled to know what the expert witnesses considered and relied on in forming their opinions. That information was provided in the Rule 26 expert report provided to the defense a month before Speer's deposition. This is consistent with the case cited by Defendants, *Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. § 1782(a)*, 735 F.3d 1179 (10th Cir. 2013). Defendants have had a full opportunity to depose the expert witnesses and determine the basis for their opinions. Defense counsel stated at the March 17 hearing that he chose not to take these depositions for "strategic" reasons"; nevertheless, the opportunity was there.

Defendants' motion to compel further answer to questions concerning the July 24, 2014, telephone conference with a Casio witness is **DENIED**.

For the reasons set forth above, the Defendants' Fourth Motion to Compel is **DENIED** in its entirety.

**DATED** this 19th day of March 2015.

_____
Paul J. Cleary
United States Magistrate Judge