UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>EL TEQUILA, LLC, and <br>CARLOS AGUIRRE, Individually, <br><br>　　　　　Defendants. | CIVIL ACTION NO. <br>12-CV-588-JED-PJC |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO FILE ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT OUT OF TIME**

Defendants El Tequila, LLC and Carlos Aguirre move to file an untimely answer (Doc. 196) to Plaintiff's Third Amended Complaint (TAC). Plaintiff Secretary of Labor opposes. Defendants' motion should be denied for the reasons stated below.

## BACKGROUND

On February 5, 2015, Plaintiff filed his TAC (Doc. 165). In his TAC, Plaintiff added the following new facts to the previous version of his Complaint: "Defendants have manually altered the [Casio electronic weekly time] reports in order to reduce the actual hours shown as worked by employees" (Doc. 165 at 3 ¶ V2). Pursuant to Federal Rule of Civil Procedure (FRCP) 15(a)(3), Defendants had 14 days after being served with Plaintiff's TAC to file their answer. Thus, Defendants' answer was due February 19, 2015. Defendants failed to meet this deadline.

On March 19, 2015, Plaintiff filed a motion for summary judgment (MSJ) and a brief in support thereof (Docs. 190-91). In his brief, Plaintiff noted that certain material facts were

Page 1

admitted by Defendants per FRCP 8(b)(6),[1] because Defendants failed to file an answer denying the new factual allegations in Plaintiff's TAC.

On March 20, 2015, Defendants moved to file an untimely answer to Plaintiff's TAC, arguing that Defendants' answer was due February 26, 2015; Defendants failed to file a timely answer because "the Answer date was not properly docketed"; a comparison of Plaintiff's TAC and previous complaint "reveals no substantive changes" and, similarly, Defendants' proposed answer includes no "substantive changes" from its previous answer; and allowing Defendants to file their untimely answer "will not affect the Scheduling Order and will not otherwise interfere with other dates or procedures scheduled in this civil case" (Doc. 196 at 1-2).

As explained below, Defendants' motion is not legally or factually supportable.

## LEGAL STANDARD

FRCP 6(b)(1)(B) provides, in pertinent part, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether a party's neglect is excusable, courts look at four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party; and (4) the existence of good faith on the part of the moving party. Hamilton v. Water Whole Int'l Corp., 302 F. App'x 789, 798 (10th Cir. 2008) (citing United States v. Torres, 372

---

[1] Under FRCP 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." In Plaintiff's Motion for Summary Judgment, Plaintiff treated Defendants' initial answer as their answer to Plaintiff's TAC because Defendants failed to file an answer to Plaintiff's TAC. Plaintiff's other option was to move for an entry of default and default judgment pursuant to FRCP 55.

F.3d 1159, 1162 (10th Cir. 2004)); Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993) (setting the standard for determining whether neglect is excusable). "The reason for delay is an important, if not the most important, factor in this analysis." Hamilton, 302 F. App'x at 798.

## ARGUMENT

Defendants failed to proffer sufficient facts demonstrating why their neglect is excusable, propound any legal argument, or cite any case law in support of their motion. As explained below, Defendants failed to demonstrate how any of the Hamilton factors weigh in their favor.

### A. Plaintiff Would Suffer Prejudice If Defendants Are Permitted To File An Untimely Answer

Plaintiff would suffer prejudice if Defendants are permitted to file an untimely answer because Plaintiff relied on the admissions made by Defendants when they failed to answer Plaintiff's TAC and included those admissions in his MSJ. Specifically, Plaintiff included the following admission in his MSJ: "Defendants have manually altered the [Casio electronic weekly time] reports in order to reduce the actual hours shown as worked by employees." Doc. 191 at 8. Plaintiff then used this admission, along with witness testimony, as evidence of Defendants' liability. To allow Defendants to file an untimely answer denying these allegations after Plaintiff filed his MSJ would sanction Plaintiff's reasonable reliance on the Federal Rules of Civil Procedure and reward Defendants' nonfeasance. Furthermore, what is to stop Defendants from attempting to file amended or late pleadings in the future due to future nonfeasance? Because Plaintiff would be prejudiced if Defendants are permitted to file an untimely answer, this factor weighs towards a finding of inexcusable neglect.

### B. Defendants Waited 29 Days To Act And Did So Only After Plaintiff Alerted Them Of Their Nonfeasance

Defendants' answer to Plaintiff's TAC was due February 19, 2015, not February 26, 2015, as claimed by Defendants. On March 19, 2015, through his MSJ, Plaintiff alerted Defendants of their failure to file an answer to Plaintiff's TAC. On March 20, 2015, 29 days after their answer was due and on the date dispositive motions were due per the Court's Second Amended Scheduling Order (Docs. 84 and159), Defendants moved to file their untimely answer. It is clear that Defendants were ignorant of their duty to file an answer to Plaintiff's TAC per FRCP 15(a)(3). Had Plaintiff not alerted them to it, Defendants would likely have not discovered their failure and Defendants' delay in moving to file an untimely answer would have been even longer than 29 days. Because Defendants failed to move promptly to file their untimely answer, this factor weighs towards a finding of inexcusable neglect.

### C. Defendants Provide A Weak Reason For Their Delay And Their Docketing Failure Was Solely Their Own

Defendants' only explanation for their delay in moving to file their untimely answer is that "the Answer date was not properly docketed." Defendants' excuse lacks specificity, as Defendants failed to provide further explanation, such as, who failed to docket the due date for the Answer: Defense counsel or his paralegal? Why did this failure occur? What caused Defense counsel to realize his failure? Were Defendants aware of their duty to file an answer? Are Defendants aware of their obligations under the Federal Rules of Civil Procedure, including the time periods specified therein? In short, Defendants' excuse falls short of the Federal Rule's pleading requirements and results in more questions than answers. Furthermore, Defendants' inadvertence does not excuse Defendants' neglect because "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of [FRCP]

6(b)." <u>Quigley v. Rosenthal</u>, 427 F.3d 1232, 1238 (10th Cir. 2005). Lastly, it undisputed that the reason for Defendants' delay was within their reasonable control. Their docketing procedures and errors are solely their own. Here, it was Defense counsel's inadvertence that caused the delay. However, the law imputes the inadvertence of Defendants' counsel to Defendants. In <u>Pioneer</u>, the seminal case on excusable neglect, the United States Supreme Court reiterated the well settled principle that "clients must be held accountable for the acts and omissions of their attorneys." 507 U.S. at 396. Because Defendants provide a weak reason for their delay, caused solely by their own inadvertence, this most important factor weighs towards a finding of inexcusable neglect.

### D. Defendants' Actions Do Not Demonstrate Good Faith

As in the past, Defendants' actions do not demonstrate good faith. As mentioned above, one of Defendants' arguments in support of their motion to file an untimely answer is that a comparison of Plaintiff's TAC and previous complaint "reveals no substantive changes" and, similarly, Defendants' proposed answer includes no "substantive changes" from its previous answer. However, just five months ago when Plaintiff moved for leave to file his TAC, Defendants opposed Plaintiff's motion and argued the complete opposite. Specifically, Defendants opposed Plaintiff's motion to file his TAC on the grounds that "the Third Amended Complaint contains wholly new substantive changes," including "substantive new claims alleging that the Defendants utilized electronic computer equipment to cheat employees and reduce their actual hours worked." (Doc. 143 at 2-3). Notably, Defendants' proposed answer differs in only one respect from its previous answer: it now seeks to deny the allegations in Plaintiff's TAC regarding Defendants' alteration of time records (Doc. 196 at 2 ¶ 6). By Defendants' own logic, a denial of this new factual allegation in Defendants' answer would

similarly be "substantive." Plaintiff agrees. Furthermore, Defendants' action of misrepresenting their earlier position to the Court does not reflect good faith, but rather deceit. Because Defendants' actions do not demonstrate good faith, this factor weighs towards a finding of inexcusable neglect. In sum, the Hamilton factors militate collectively towards a finding of inexcusable neglect.

## CONCLUSION

Because Plaintiff would be prejudiced by Defendants' untimely answer, Defendants delayed in taking prompt action, Defendants provided a weak reason for their delay, caused solely by their own inadvertence, and Defendants' actions do not demonstrate good faith, Defendants' neglect is inexcusable and their motion to file an untimely answer should be denied.

Respectfully Submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:

U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, TX  75202
(972) 850-3100
(972) 850-3101-fax

s/ Demian Camacho_____
DEMIAN CAMACHO
CA Bar No. 286693
Email: camacho.demian@dol.gov

MATTHEW P. SALLUSTI
TX Bar No. 24013447
Email:  sallusti.matthew@dol.gov

Attorneys for Plaintiff
RSOL No. 12-00629

CERTIFICATE OF SERVICE

     I hereby certify that on this <u>  26th  </u> day of <u>  March  </u>, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

    Bill V. Wilkinson
    Wilkinson Law Firm
    4812 East 81 Street #302
    Tulsa, OK 74137
    wilklaw@wilklaw.com

                                <u>s/ Demian Camacho            </u>
                                DEMIAN CAMACHO
                                Trial Attorney