UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 12-CV-588-JED-PJC |
| EL TEQUILA, LLC, and CARLOS AGUIRRE, Individually, | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO ALL MOTIONS OUT OF TIME**

Defendants El Tequila, LLC and Carlos Aguirre (collectively, "Defendants") filed a Motion for Extension of Time to Respond to All Motions Out of Time (DOC #203). Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff") opposes that Motion for the reasons stated herein.

### I.   BACKGROUND

This case concerns Defendants' failure to pay their employees minimum wage and overtime compensation, as well as maintain accurate record of hours worked and compensation paid to employees pursuant to the Fair Labor Standards Act of 1938 (the "FLSA" or the "Act"), 29 U.S.C. §201 et seq., since October 2009 through the present time.[1]

On August 20, 2014, the Court issued its Second Amended Scheduling Order (DOC #84). The Court's Order established certain deadlines for numerous filings in this case. See Court's Second Amended Scheduling Order (DOC #84). On December 31, 2014, the Court issued an

---

[1] The Court previously ruled (DOC #112) that the relevant time period was until November 30, 2014.

Order (DOC #159) extending the Summary Judgment and Motion in Limine deadlines to March 20, 2015.

On February 19, 2015, Plaintiff filed his Motion in Limine on Immigration Status (DOC #177).[2]  Pursuant to Local Civil Rule 7.2(e), Defendants response to this Motion (DOC #177) was due on March 12, 2015.  Defendants sought no timely extension to file a response and in fact filed no response.

On February 20, 2015, Plaintiff filed his Motion in Limine on Press Release (DOC #178). Pursuant to Local Civil Rule 7.2(e), Defendants response to this Motion (DOC #178) was due on March 13, 2015.  Defendants sought no timely extension to file a response and in fact filed no response.

On March 2, 2015, Plaintiff filed his Motion in Limine on Malicious Prosecution or Similar Claim (DOC #179).  Pursuant to Local Civil Rule 7.2(e), Defendants response to this Motion (DOC #179) was due on March 23, 2015.  Defendants sought no timely extension to file a response and in fact filed no response.

On March 4, 2015, Plaintiff filed his Motion in Limine on Time Records (DOC #181). Pursuant to Local Civil Rule 7.2(e), Defendants response to this Motion (DOC #181) was due on March 25, 2015.  Defendants sought no timely extension to file a response and in fact filed no response.

---

[2] Defendant filed their own motion/brief (DOC #197) on this exact same topic on March 20, 2015, i.e., immigration status.  Thus, had Defendants read what Plaintiff filed or, prior to that, responded to Plaintiff's February 4th and 17th letters concerning this very topic, Plaintiff would not have had to file his Motion (DOC #177) and/or respond to Defendants' motion/brief (DOC #197).  Moreover, Defendants now move for additional time to respond to a Motion that apparently they do not oppose. See Defendants' Motion for Extension Time to Respond to Certain Motions (DOC #203).  Defendants wasted valuable resources of both the Plaintiff and the Court in having to hear and rule on these specific pleadings.

2

On March 19, 2015, Plaintiff filed a Motion in Limine Concerning Discretionary Bonuses (DOC #187), a Motion to Strike Defendants' Affirmative Defenses (DOC #188), and Motion and Brief for Summary Judgment with supporting exhibits (DOCS #190, 191, 193 and 194). Defendants' responses to these Motions/Brief (DOCS #187, 188, 190 and 191) were due April 9, 2015.[3]  Instead of filing responses and/or a motion for extension of time to respond timely, Defendants seek an unreasonable thirty (30) day extension to file responses which are a day late and to also file responses out of time that are significantly longer past due as demonstrated above.  Defendants' request for relief must be denied in total.

## II.     ARGUMENT

**A. Defendants Seek Too Much Time To Respond To Plaintiff's Motions/Brief In Light Other Looming Court Deadlines.**

Defendants seek an additional thirty (30) days to respond to Plaintiff's Motion and Brief for Summary Judgment (DOCS #190 and 191), Motion in Limine Concerning Discretionary Bonuses (DOC #187) and Motion to Strike Affirmative Defenses (DOC #188).  Plaintiff offered a fourteen (14) day extension, which Plaintiff believes is reasonable given other Court deadlines.[4]  See Court's Second Amended Scheduling Order (DOC #84).  It should be noted that Plaintiff offered this extension under the assumption that Defendants would timely seek from the

---

[3] Defendants represent to the Court that the deadline to respond to these Motions (DOCS #187, 188, 190 and 191) was April 10, 2015.  Defendants once again are incorrect.  Defendants filed their Motion (DOC #203) untimely, i.e., one day late.  See Defendants' Motion for Extension Time to Respond to Certain Motions (DOC #203) at p. 1.  Yet, the Defendants' deadlines to respond to other Motions (DOCS # 177, 178, 179, and 181) were well before April 9, 2015.

[4] Plaintiff agreed to a fourteen (14) day extension, not a fifteen (15) day extension as represented by Defendants for the three (3) Motions (DOCS #187, 188, 190 and 191) that were time requested by Defendants (but actually turned out to be day past due because of Defendants' nonfeasance in filing their Motion (DOC #203)).  See Defendants' Motion for Extension Time to Respond to Certain Motions (DOC #203) at p. 2.  However, as discussed, infra, at no time did Plaintiff did not agree to allowing Defendants time to respond to Motions (DOCS # 177, 178, 179, and 181) that were significantly past due.

3

Court the relief they now request. Defendants did not do so, however.

Defendants' posture has not changed since Plaintiff served his first set of written discovery requests more than a year ago. Defendants have consistently delayed in answering discovery, producing documents, filing responses, producing witnesses, etc. Defendants' repeated nonfeasance should not be rewarded by the Court. The parties have numerous Court deadlines in the coming months and Plaintiff will surely run out of time to finish all the work that needs to be completed if Defendants' lax attitude continues to persist.

Plaintiff was willing to provide Defendants with fourteen (14) additional days to respond to Plaintiff's above-referenced Motions/Brief (DOCS # 188, 189, 190 and 191) if Defendants timely filed their Motion (DOC #203), which they did not. Considering how much time Defendants have already had to respond (twenty (21) days), an additional fourteen (14) days should be more than sufficient for Defendants to file their responses to Plaintiff's Motions/Brief, i.e., a total of thirty-five (35) days (if the Court is so inclined to grant Defendants' untimely request). Accordingly, for the reasons stated herein, if the Court is going to provide Defendants with additional time to respond to Plaintiff's Motions (DOCS #188, 189, 190 and 191) (despite filing their Motion (DOC #203) one day late), the Court should provide fourteen (14) days to respond to Plaintiff's Motions (DOCS #188, 189, 190 and 191), not the thirty (30) days proposed by Defendants.

### B. Defendants' Opportunity to Respond to Plaintiff's Other Motions Expired Many Weeks Ago.

Plaintiff filed four (4) Motions in Limine (DOCS # 177, 178, 179, and 181) weeks, and in some instances, almost two (2) months ago. Defendants had the opportunity to respond, but failed to do so. Once again, the Court should not reward Defendants' nonfeasance.

Plaintiff followed and abided by the Court's Second Amended Scheduling Order (DOC

4

#84), Order (DOC #159), and Local Civil Rules.  Defendants have repeatedly failed to do so.  And as a result, Defendants should be precluded from filing responses Defendants did not even know were late until, once again, they were informed by Plaintiff.[5]  See Ex. A, Plaintiff's April 8, 2015 Email to Defendants.

There are many more Court deadlines in the weeks ahead and much more work that must be done in preparation of trial.  Defendants' constant pattern of delay is negatively impacting Plaintiff's ability to finish the trial work Plaintiff needs to timely complete.  Instead, Plaintiff spends significant time responding to meritless motions filed by Defendants and postponing other legal work that Plaintiff certainly needs to complete.  Defendants' continuous delays prejudice Plaintiff.  For the aforementioned reasons, the Court should grant Plaintiff's Motions in Limine (DOCS #177, 178, 179 and 181)  and preclude Defendants from filing any responses to these Motions.

### III.   CONCLUSION

Defendants have consistently informed the Court that they cannot complete the  legal work required in the time allotted per Court Orders and the Local Civil Rules.[6]  Defendants'

---

[5] Once again, Defendants were only alerted to the fact they missed Court deadlines to respond to these Motions (DOCS # 177, 178, 179 and 181) because Plaintiff informed Defendants of the same.  Plaintiff previously alerted Defendants of their nonfeasance when Plaintiff filed his Motion and Brief for Summary Judgment (DOCS #190 and 191).  In that instance, Defendants were completely unaware that they had missed the deadline to file an amended answer to Plaintiff's Third Amended Complaint (DOC #165) until Plaintiff had filed his Motion and Brief for Summary Judgment (DOCS #190 and 191).  Despite being made aware of these deadlines, Defendants still filed their Motion (DOC #203) untimely with regard to all Motions (DOCS #177, 178, 179, 181 188, 189, 190 and 191).

[6] The United States District Court for the Northern District of Oklahoma has adopted the Oklahoma Rules of Professional Conduct.  See Local Civil Rules 83.6(b) and 83.7.  Oklahoma Rule of Professional Conduct 1.3 addresses the required diligence of an attorney and states in relevant part:

[5] To prevent neglect of client matters in the event of a sole practitioner's . . . disability, the

short-comings are negatively impacting Plaintiff's ability to prepare this case for trial.  Plaintiff constantly has to respond to frivolous motions and push other internal deadlines because of Defendants' inability to comply with Court Orders and the Local Civil Rules.  Plaintiff respectfully requests that the Court not reward Defendants' continued nonfeasance.  Accordingly, if Court is so inclined, the Court should allow Defendants (at most) an additional fourteen (14) days to respond to Plaintiff's three (3) Motions/Briefs (DOCS # 187, 188, 190 and 191) and grant the four (4) motions (DOCS #177, 178, 179 and 181) that are ripe.

---

duty of diligence may require that each sole practitioner prepare a plan, in conformity with applicable rules, that designates another competent lawyer to review client files, notify each client of the lawyer's death or disability, and determine whether there is a need for immediate protective action. Cf. Rule 28 of the American Bar Association Model Rules for Lawyer Disciplinary Enforcement (providing for court appointment of a lawyer to inventory files and take other protective action in absence of a plan providing for another lawyer to protect the interests of the clients of a deceased or disabled lawyer).  Defendants' Counsel on multiple occasions has either sought extensions or missed deadlines associated with motions.  Defendants' Counsel has represented to the Court that he requested these extensions and/or missed some of these deadlines because he is a sole practitioner or because he has a medical condition or both.  Plaintiff respectfully suggests to the Court that the reasons proffered by Defendants' Counsel for constantly seeking extensions and/or missing Court deadlines run afoul of Oklahoma Rule of Professional Conduct 1.3 and do not provide justification for granting the relief currently requested by Defendants.

Respectfully Submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:

| | |
|---|---|
| U.S. Department of Labor | s/ Matthew P. Sallusti |
| Office of the Solicitor | MATTHEW P. SALLUSTI |
| 525 Griffin Street, Suite 501 | TX Bar No. 24013447 |
| Dallas, TX  75202 | Email:  sallusti.matthew@dol.gov |
| (972) 850-3100 | |
| (972) 850-3101-fax | DEMIAN CAMACHO |
| | CA Bar No. 286693 |
| | Email: camacho.demian@dol.gov |
| | Attorneys for Plaintiff |
| | RSOL No. 12-00629 |

CERTIFICATE OF SERVICE

I hereby certify that on this ___13th___ day of ___April___, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

    Bill V. Wilkinson
    Wilkinson Law Firm
    4812 East 81 Street #302
    Tulsa, OK 74137
    wilklaw@wilklaw.com

                                      s/ Matthew P. Sallusti
                                      MATTHEW P. SALLUSTI
                                      Trial Attorney