**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **THOMAS E. PEREZ,  Secretary of Labor,** | ) | |
| **United States Department of Labor** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-CV-588-JED-PJC** |
| | ) | |
| **EL TEQUILA, LLC, and** | ) | |
| **CARLOS AGUIRRE, Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Defendants' Motion to File Answer to Plaintiff's Third Amended Complaint Out of Time (Doc. 196) and Defendants' Motion to File Responses Out of Time (Doc. 205), which incorporates their Motion for Extension of Time to Respond (Doc. 203). The latter (Doc 205) seeks an extension of time to respond to seven of the Secretary's recent filings.

**I.**

Counsel for the defendants has sought additional time to respond to filings in this case not less than 10 times. (Docs. 30, 50, 68, 92, 135, 155, 183, 196, 203, 205). The three most recent motions are currently before the Court. Defense counsel's justifications have ranged from heavy workload to medical issues, but generally center on the fact that he is a sole practitioner who conducts all his own research and writing, with the assistance of his secretary. (*Id.*).

In the case of the first of the filings currently before the Court, defense counsel seeks leave to file an untimely answer to the Secretary's Third Amended Complaint (the "TAC"). (Doc. 196). By way of justification, defense counsel states that he missed the deadline because he did not properly record it. (*Id.*). He did not realize his error for a full month, and likely realized it then only because the Secretary moved for summary judgment partly on the basis of

defendants' failure to answer.  (*See* Doc. 201).[1]  Defense counsel argues that his late filing should be permitted as the Secretary made no substantive changes to the TAC, the defense has made no substantive changes to its Answer, and a late filing will not affect this case's schedule. (Doc. 196).

Second, in his Motion for Extension of Time, defense counsel has requested an additional 30 days to file late responses to seven different motions filed by the Secretary.  (Doc. 203).  As with his previous requests for additional time, defense counsel cites the complexity of the case, the fact that he is a sole practitioner, and medical issues.  (Doc. 203).  For the first time he attaches a doctor's note.  (Doc. 203-1).[2]

For reasons that remain unclear to the Court, defense counsel believed that the response date for all seven motions was April 10, 2015.  Presumably for this reason defense counsel filed the first of the present motions (Doc. 203) on that date.  However, as the Secretary filed his motions on a variety of dates the response dates are various.  Worse, each of the response dates had passed by the time defense counsel filed his Motion for Extension of Time, some by nearly a month.[3]  As the Secretary notes, the defendants' Motion is necessarily one seeking permission to file all seven responses out of time.  Defense counsel has now supplemented his Motion for

---

[1] Even when defense counsel realized he had missed the filing deadline and requested, on March 20, 2015, that this Court allow him to file out of time, he incorrectly stated that the due date he had let pass was February 26, 2015.  In fact the deadline fell a week earlier, on February 19, 2015.

[2] Defense counsel has been diagnosed with spinal lumbar stenosis and suffers from a tremor in his right arm.  Defense counsel represents that he drafts his filings longhand before having them transcribed by his secretary, and that his current condition has reduced the speed at which he is able to work.

[3] The response dates, by document number, passed on the following dates: Doc. 177 – March 12, 2015; Doc. 178 – March 13, 2015; Doc. 179 – March 23, 2015; Doc. 181 – March 25, 2015; and Docs. 187, 188, and 190 – April 9, 2015.

Extension of Time, acknowledging his mistake with respect to the filing deadlines and explaining that he miscalculated the seven due dates. (Doc. 205).

The Secretary objects to the out-of-time filings for which the defendants seek permission. *First*, the Secretary argues that the Court should not permit the defendants to file a late answer to the TAC, on four bases: (1) An out-of-time filing would prejudice the Secretary, as he has already drafted and filed a Motion for Summary Judgment based, in part, on facts admitted by the defendants' failure to answer the TAC; (2) the defendants' delay was lengthy, and would have been lengthier still had the Secretary not moved for summary judgment; (3) the defendants provide only a weak justification for their delay; and (4) the defendants have not acted in good faith. (Doc. 201 at 3-5).

*Second*, the Secretary opposes a 30-day extension to respond out of time to seven of its pending motions. With respect to the Secretary's Motion for Summary Judgment and accompanying brief (Docs. 190 and 191), Motion in Limine Concerning Discretionary Bonuses (Doc. 187), and Motion to Strike Affirmative Defenses (Doc. 188), the Secretary initially offered defense counsel a 14-day extension on the assumption that he would timely move for that extension. Defense counsel came close, filing for those extensions only one day past the deadline. Given the amount of extra time these motions have already bought defense counsel, the Secretary argues that a 14-day extension would be ample and a 30-day extension excessive. (Doc. 204 at 3-4).

With respect to the remaining four motions (Docs. 177, 178, 179, and 181), the Secretary argues that the deadlines for responses have long since passed and that the request for extension should be denied. (Doc. 204 at 4-6). The Secretary cites defense counsel's repeated delays,

meritless filings, and inability to comply with the case's schedule and pace, and asserts that

defense counsel's management of this case has begun to prejudice the Secretary.

## II.

At the outset, the Court notes that civil litigants must be held accountable for the acts and

omissions of their attorneys. *Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (10th Cir. 2006) (citing

*Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 396 (1993).  Federal

Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a

specified time, the court may, for good cause, extend the time . . . on motion made after the time

has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

The Tenth Circuit applies the following factors to determine whether a party's neglect is

excusable under Rule 6(b): (1) the danger of prejudice to the opposing party; (2) the length of

delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay,

including whether it was within the reasonable control of the moving party; and (4) whether the

moving party acted in good faith.  *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)

(analyzing the excusable neglect standard in the context of Federal Rule of Appellate Procedure

4(b)(4), where the party filed an untimely notice of appeal); *see also  Quigley v. Rosenthal*, 427

F.3d 1232, 1238 (10th Cir. 2005) (applying the *Torres* standard to a claim of excusable neglect

under Federal Rule of Civil Procedure 6(b)).[4]

---

[4] The *Torres* factors originate in *Pioneer*, in which the Supreme Court applied the same factors to determine whether neglect is excusable under Federal Rule of Bankruptcy Procedure 9006. *See Pioneer*, 507 U.S. at 395 (1993).  A pre-*Pioneer* line of case law, occasionally still cited in this Circuit, provides a different standard: "[A] finding of excusable neglect under Rule 6(b)2 requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290-91 (10th Cir. 1974); *see also Stringfellow v. Brown*, 105 F.3d 670 (10th Cir. 1997) (unpublished opinion); *Spirit Bank Corp. v. Warner Aviation, Ltd.*, No. 11-CV-81-TCK-FHM, 2011 WL 6415472, at *2 (N.D. Okla. Dec. 21, 2011)

### III.

The Court begins by addressing the defendants' request for leave to file their Answer out of time.  (Doc. 196).  *First*, the Secretary argues that an out-of-time answer filed at this juncture would prejudice his case as his Motion for Summary Judgment relied on admissions the defendants made by failing to file an answer to the TAC.  (Doc. 201 at 3).  As recounted above, the defendants' Answer was due February 19, 2015.  Under Federal Rule of Civil Procedure 8(b)(6), the defendants, by failing to file an answer, admitted that they manually altered the Casio electronic weekly time reports.  (*See id.*).  The Secretary relied on this admission, along with witness testimony, as evidence of the defendants' liability.  (*Id.*).  The Secretary argues that to "allow Defendants to file an untimely answer denying these allegations after Plaintiff filed his [motion] would sanction Plaintiff's reasonable reliance on the Federal Rules."  (*Id.*).

The Court finds that the inconvenience the filing of a late answer would cause the Secretary does not constitute prejudice for the purposes of Rule 6(b).  *Raiser v. Utah Cnty.*, 409 F.3d 1243 (10th Cir. 2005), presents an analogous situation.  In *Raiser*, the plaintiff did not timely respond to the defendant's request for admissions.  *Id.* at 1245.  As a result, the matters

(not reported); *Sw. Stainless, L.P. v. Sappington*, No. 07-CV-0334-CVE-FHM, 2008 WL 1777476, at *6 (N.D. Okla. Apr. 17, 2008) (not reported).

In contrast, *Quigley*, arguably in dicta, indicated that the definition of excusable neglect provided in *Torres* applies to Rule 6(b), but without listing the factors or explicitly examining or applying them.  Since then the Tenth Circuit appears to have applied the *Torres* factors to Rule 6(b) only once, and then only in an unpublished opinion.  *See Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).  In spite of this slight conflict in the case law, the Court is confident that the excusable neglect factors outlined in *Torres* apply to Rule 6(b) in this Circuit given the combined weight of *Pioneer*, *Quigley*, and *Hamilton*.  This conclusion is further bolstered by the fact that, as the *Pioneer* Court noted, "Rule 9006(b)(1) was patterned after Rule 6(b)" of the Federal Rules of Civil Procedure, and thus it would be unsurprising that the same analysis of excusable neglect applied to both rules.  *Pioneer*, 507 U.S. 380, 391 (1993).  Indeed, the *Torres* Court explained that absent some specific reason to depart from *Pioneer*, courts should follow the Supreme Court's lead.  *Torres*, 372 F.3d at 1162.  In the present case, the Court finds no reason for departure.

5

addressed in defendant's request for admissions were deemed admitted under Rule 36. *Id.* at 1246. The defendant moved for summary judgment based on the deemed admissions, and the plaintiff moved for leave to amend his admissions or for additional time to respond to the request for admissions. *Id.* at 1245. The district court denied the plaintiff's request and granted summary judgment for the defendant.

On appeal, the Tenth Circuit found the district court to have abused its discretion in denying the plaintiff's motion to amend its admissions, in part because the record did not show the defendant to have suffered sufficient prejudice to bar amendment. *Id.* at 1247. For the purposes of allowing amendment under Rule 36, the Court found that "[m]ere inconvenience does not constitute prejudice for this purpose, [as t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Id.* at 1246 (internal quotation and citations omitted). "In particular," the Court wrote, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Id.* (internal quotation and alterations omitted) (citing *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000)).

As in *Raiser*, the nonmoving party in the present case argues that because he drafted a summary judgment motion in reliance upon admissions that resulted from a failure to make a timely filing, he would suffer prejudice were the Court to allow that filing to take place out of time. Although the issue arises here under Rule 6 rather than Rule 36, the Court finds the situations sufficiently analogous to find that the Secretary would not be prejudiced in the relevant sense by an out-of-time filing of the defendants' Answer to the TAC.

*Second*, the Secretary argues the second factor—the length of the delay and its impact on judicial proceedings—weighs against finding excusable delay. (Doc. 201 at 4).  The defendants missed their deadline to answer the Secretary's TAC by 29 days, and likely acted then only because the Secretary's summary judgment motion alerted defense counsel to his error. Approximately a month's delay is frustrating and time-consuming for both the Secretary and the Court.  Nevertheless, the length of delay here is not excessive and the Secretary has not alleged any impact on the judicial proceedings before this Court.  Trial is currently set for mid-August— nearly four months from now—and the case's schedule is unlikely to be affected by a month's delay.  *See Moore v. City of Tulsa*, No. 14-CV-0152-CVE-FHM, 2014 WL 6836216, at *3 (N.D. Okla. Dec. 3, 2014) (finding excusable neglect where defendant filed answer five months late but without impact on the judicial proceedings as defendant filed and responded to motions in the intervening period and answer would result in no additional discovery).

*Third*, the Secretary argues that the third factor—the reason for the delay—weighs against granting defendants leave to file an untimely answer.  The Court agrees.  Counsel for the defendants writes simply that the Answer "was due to be filed on February 26, 2015" and "[d]efendants' counsel failed to timely file the Answer because the Answer date was not properly docketed."  (Doc. 196 at 1).  "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (citing *Pioneer*, 507 U.S. at 392 and *Torres*, 372 F.3d at 1163).  Defense counsel's failure to record the date his Answer was due is not an adequate justification for the delay it caused.  Even in the absence of this failure it appears defense counsel would have filed an untimely answer as his Answer was due February 19, not February 26.  Worse, this miscalculation appears not to be an aberration, as defense counsel has

7

miscalculated the due dates of each of the seven filings that are the subject of his second motion. The Court finds that this factor weighs against a finding of excusable neglect, and gives it further consideration below.

*Finally*, the Secretary argues that defendants' actions do not demonstrate good faith, pointing out that defendants' argue that the TAC they seek leave to answer "reveals no substantive change," a position directly contrary to the position they took when opposing leave to file the TAC. (*See* Doc. 143 at 2-3 ("[T]he Third Amended Complaint contains wholly new substantive changes.")). It would seem either that counsel for the defendants has a short memory or he hopes the Secretary and the Court do. The proper focus of the good-faith inquiry, however, is on the delay itself. In other words, the issue is whether defense counsel missed the deadline with the intent of gaining some advantage by delaying the proceedings. The Court finds no evidence of bad faith on the part of the defendants. On the contrary, the facts suggest defense counsel not only inadvertently failed to record the Answer's due date but also genuinely miscalculated the date. That he immediately moved for leave to file his Answer out of time upon realizing his mistake further demonstrates that defense counsel was not acting in bad faith. *Moore v. City of Tulsa*, No. 14-CV-0152-CVE-FHM, 2014 WL 6836216, at *4 (N.D. Okla. Dec. 3, 2014) ("Such quick response to plaintiff's notification that [defendant] had not answered reveals that [defendant] did not intend to prejudice plaintiff or to affect the proceedings before this Court by failing to answer."). The Court finds that defense counsel made his error in good faith and that as a result the fourth factor weighs in favor of a finding of excusable neglect.

In sum, only the third factor weighs against a finding of excusable neglect with respect to the defendants' motion to file their Answer out of time. This does not end the analysis, however, as the *Torres* factors are not given equal weight. The reason for the late filing—the factor that

here weighs against a finding of excusable neglect—is the heftiest.  Even where the three other factors weigh in favor of a finding of excusable neglect, "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."  *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quotation and citations omitted).

The Tenth Circuit explained in *Torres* that *Pioneer* interpreted a different rule than the rule at issue there, and *Torres*, in turn, interpreted a different rule than the rule at issue here.  The *Torres* Court reasoned, however, that because the Supreme Court's interpretation of "excusable neglect" in *Pioneer* "rested on the plain meaning of the terms, there is no reason that the meaning would be different in the context" of the Federal Rules.  *Id.* at 1162.  The Tenth Circuit acknowledged, as the Supreme Court did before it, that the term might have a different meaning in different rules, "but absent some specific reason to depart from *Pioneer*, we should follow the Supreme Court's lead."  *Id.*  Accordingly, the Tenth Circuit applied *Pioneer*'s interpretation of "excusable neglect," which the Supreme Court provided in the context of Bankruptcy  Rule 9006(b)(1), to Federal Rule of Appellate Procedure 4(b)(4)'s provision for the untimely filing of a notice of appeal in a criminal case.  *Id.*

As noted above, the Court sees no reason, in the present case, to depart from the interpretation of "excusable neglect" provided by *Pioneer* and *Torres*.  *Torres* itself bears strong factual similarity to this case, and the Court finds its analysis highly persuasive.  In *Torres*, the defendant filed his notice of appeal 18 days after judgment and thus outside the 10-day period for filing criminal appeals.  *Id.* at 1160.[5]  Finding excusable neglect, the district court allowed the

---

[5] Appellate Rule 4(b) has since been amended to provide a criminal defendant 14 days to file an appeal.  *See* Fed. R. App. P. 4 advisory committee's notes.

defendant to file his notice of appeal out of time.  *Id.*  On appeal, the Tenth Circuit found that

three factors weighed in favor of the district court's finding of excusable neglect: "Defendant

filed his notice of appeal only 18 days after the entry of judgment; it does not appear that the

government would be prejudiced by the delay if Defendant's appeal is permitted to proceed; and

there is no indication that defense counsel acted in bad faith."  *Id.* at 1162-63.   But the

defendant's case had a fatal flaw: he was at fault for the missed deadline.  *Id.* at 1163.  Defense

counsel had confused the filing deadlines for civil and criminal appeals, and as a result missed

the deadline to file.   For the Tenth Circuit, this one fact was enough to outweigh the other

factors, and accordingly the Court found that the district court had abused its discretion in

finding excusable neglect.  *Id.* at 1162-63; *see also United States v. Vogl*, 374 F.3d 976, 981-82

(10th Cir. 2004) ("If the district court in the instant case had rested its finding of 'excusable

neglect' solely on the defense counsel's misunderstanding of the plain and unambiguous

language of Rule 26(c), we would likely reverse for abuse of discretion.").

Here, the defendants' motion suffers from the same fatal flaw.  In the Tenth Circuit—as

in a number of others, *see Torres*, 372 F.3d at 1163 (compiling cases)—"defense counsel's

misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless

the word 'excusable' is to be read out of the rule."  *Id.* at 1163-64 (quotations and alterations

omitted).  Defense counsel's excuse in this case was not that he misinterpreted the rule but that

he neglected to calendar the date.  As it turns out, he also misinterpreted the rule and likely

would have missed the deadline even if he had been more organized.   In any event,

disorganization or absentmindedness no more constitutes excusable neglect than does a

misinterpretation of the rule.  *See In re Lang*, 414 F.3d 1191, 1200 (10th Cir. 2005) (Failure to

comply with the deadline for the filing of a notice of appeal due to "the press of other business"

does not constitute excusable neglect.).

The Court is given some pause by *Jennings v. Rivers*, 394 F.3d 850 (10th Cir. 2005), a

case that follows and cites *Torres*, and which provides further guidance with respect to the

weight given to a defendant's fault in delay. Under *Jennings*, in order to determine whether fault

in delay rises to the level of inexcusable neglect, a court may consider:

> [W]hether the mistake was a single unintentional incident (as opposed to a pattern
> of deliberate dilatoriness and delay), and whether the attorney attempted to correct
> his action promptly after discovering the mistake. *Hancock v. City of Okla. City*,
> 857 F.2d 1394, 1396 (10th Cir. 1988). A mistake could occur in any attorney's
> office, no matter how well run. *Id.* See also *D.G. Shelter Prods. Co. v. Forest
> Prods. Co.*, 769 F.2d 644, 645 (10th Cir.1985) (observing, in a case dismissed for
> failure to respond to a motion, that plaintiff's counsel had not committed an
> inadvertent slip-up resulting from a date not being entered or being erroneously
> noted); *Camps v. C & P Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981) (stating that
> members of the bar are not invariably punctual, and we are unaware of any
> general judicial practice of throwing their clients out of court the first time
> attorneys arrive somewhat late).

*Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (quotations and alterations omitted). The

Court believes defense counsel to have "committed an inadvertent slip-up." No evidence

indicates that he intended to delay these proceedings by missing his answer date, and he appears

to have acted promptly to correct his mistake upon becoming aware of it—thanks to the

Secretary's summary judgment motion. The Court is sensitive to the fact that the best lawyers

make mistakes. However, defense counsel's error is far from an isolated incident, and indeed

forms part of a pattern of neglect, repeated delays, meritless filings, and an inability to comply

with the case's schedule and pace that both has preceded and followed the motion before the

Court. The *Jennings* dicta quoted above encourages courts to consider the circumstances of

counsel's mistake. The Court has done so, and the circumstances are not in defense counsel's

favor. Furthermore, defense counsel's motion suggests his misreading of a readily accessible

11

and unambiguous rule would have caused him to file his Answer out of time, even in the absence of his docketing error, and thus run afoul of *Torres*.  The defendants' second motion, addressed below, confirms that defense counsel's confusion with respect to the Federal Rules is not anomalous.  In light of these facts and the exacting standard outlined in *Torres*, the Court cannot find that defense counsel's neglect in this instance was excusable.

Defense counsel has not made a showing of excusable neglect to file an answer within the time allotted by Rule 12.  Accordingly the Court finds, pursuant to Rule 6(b), that good cause does not exist to extend the defendants' time to file their Answer, and their motion (Doc. 196) is **denied**.

## IV.

The defendants' second motion (Doc. 203) can be divided into two parts: filings for which the Secretary initially offered a 14-day extension (responses to Docs. 187, 188, 190, and 191) and extensions to which he objects entirely (those sought with respect to Docs. 177, 178, 179, and 181).  The former will be addressed in this section and the latter in the next.

With respect to the motions that were due on April 9, 2015— responses to the Secretary's Motion for Summary Judgment and accompanying brief (Docs. 190 and 191), the Secretary's Motion in Limine Concerning Discretionary Bonuses (Doc. 187), and the Secretary's Motion to Strike Affirmative Defenses (Doc. 188)—the Secretary initially offered defense counsel a 14-day extension on the assumption that defense counsel would timely move for that extension. Defense counsel rejected the offer and moved, one day *after* the deadline, for a 30-day extension on these motions, erroneously claiming that they were due April 10, 2015.[6]  The Secretary now

---

[6] He subsequently acknowledged this calculation error.  (Doc. 205).

argues that a 14-day extension would be ample and a 30-day extension excessive.  (Doc. 204 at 3-4).

The Court agrees that a 30-day delay is unwarranted.  The Court would be more willing to entertain the request had it been timely made.  As it stands, the Court is concerned that last minute or out-of-time requests for extensions will increase the danger of prejudice to the Secretary and add to the repeated delays in this case, eventually impacting the proceedings. Nonetheless, defense counsel, with respect to these motions, offers a good justification for his dilatoriness: A recently diagnosed medical condition has diminished his productivity.  For this reason, and because the Secretary does not object to an extension in some form, the Court finds that the factors weigh in favor of granting the defendants' motion to respond out of time.

Defense counsel has already had since March 19, 2015, to prepare his responses to these motions.  A 14-day extension, as offered by the Secretary, would expire April 23, 2015.  That date is upon us, and although the Court assumes defense counsel has taken the intervening time to prepare his motions, the Court cannot expect counsel to meet a deadline that has essentially passed.  Accordingly, and bearing in mind that the decision is an equitable one, defense counsel's responses with respect to these motions (Docs. 187, 188, and 190) are due Friday, May 1, 2015.  In the future, however, it behooves defense counsel both to anticipate his inability to meet deadlines and to seek assistance if he is unable to adequately represent his clients.  There will be more deadlines in this case.  Absent extraordinary circumstances, there will not be more extensions.

## V.

The Secretary objects to any extension of time to respond to the four remaining motions in limine.  (Docs. 177, 178, 179, and 181).  The deadlines for these motions, the Secretary notes,

have long since passed.  (Doc. 204 at 4-6).  The Secretary cites defense counsel's repeated delays, meritless filings, and inability to comply with the case's schedule and pace, and asserts that defense counsel's management of this case has begun to prejudice the Secretary.  Counsel for the defense acknowledges that he failed to file timely responses to these motions due to a misreading, misunderstanding, or ignorance of the Federal Rules.  (Doc. 205).

When defense counsel filed his Motion for Extension of Time (Doc. 203), his responses were, respectively, 28 days, 27 days, 18 days, and 16 days overdue.  Applying the *Torres* factors rehearsed above, the Court finds no evidence of bad faith on the part of the defendants.  On the other hand, the length of delay on this number of motions, especially considered in the larger context of not only the case but simply the two motions before the Court, threatens to impact the judicial proceedings, eventually delaying trial and even prejudicing the Secretary.  However, the Court need not make explicit findings with respect to these factors as the weightiest factor—the reason for the delay—would overwhelm even a finding that all the other factors weighed in favor of granting the motion.

As described above, the Court in *Torres* held that the reason for delay can outweigh the other three factors considered when determining whether neglect is excusable.  *United States v. Torres*, 372 F.3d 1159, 1162-63 (10th Cir. 2004).  Several circuits, the Court noted, have embraced the rule that the "excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."  *Id.* at 1163.[7]

---

[7] The Tenth Circuit provided the following litany of citations in support of its holding:

*Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985)); *accord Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996); *see Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) ("Notwithstanding the 'flexible' *Pioneer* standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his

Aligning itself with these circuits, the Tenth Circuit ruled that "defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read out of the rule." *Id.* at 1163-1164 (quotations and alterations omitted). Local Civil Rule 7.2(e), which in this district governs the time to file response briefs to motions, is readily accessible, unambiguous, and routinely applied. Accordingly, the defendants' Motion for Extension of Time (Doc. 203) and Motion to File Responses Out of Time (Doc. 204) are **denied** with respect to Documents 177, 178, 179, and 181.

## VI.

The Court is troubled by defense counsel's apparent difficulty keeping pace with this case, and is concerned about whether the defendants are being adequately represented.

---

failure to file a timely notice of appeal."); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("as a matter of law, . . . an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline"); *cf. Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 631 (1st Cir. 2000) ("A misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect."); *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (interpreting Fed. R. Civ. P. 60(b)(1); "an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect"). And one circuit, although unwilling to be categorical on the matter, has indicated that the misreading of a clear rule is a highly unlikely candidate for relief. *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) ("Although . . . we [leave] open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable."). *But cf. Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (interpreting Fed. R. Civ. P. 60(b)(1); "[w]hile an attorney's egregious failure to read and follow clear and unambiguous rules might sometimes be excusable neglect, mistakes construing the rules do not usually constitute excusable neglect." (internal quotation marks omitted)); *In re Vitamins Antitrust Class Actions*, 327 F.3d at 1209-1210 (applying Fed. R. Civ. P. 6(b) and 60(b)).
*Torres*, 372 F.3d at 1163.

Oklahoma Rule of Professional Conduct 1.3, which has been adopted in this district (*see* Local

Civil Rules 83.6(b) and 83.7), provides in pertinent part as follows:

> [5] To prevent neglect of client matters in the event of a sole practitioner's . . .
> disability, the duty of diligence may require that each sole practitioner prepare a
> plan, in conformity with applicable rules, that designates another competent
> lawyer to review client files, notify each client of the lawyer's . . . disability, and
> determine whether there is a need for immediate protective action. *Cf.* Rule 28 of
> the American Bar Association Model Rules for Lawyer Disciplinary Enforcement
> (providing for court appointment of a lawyer to inventory files and take other
> protective action in absence of a plan providing for another lawyer to protect the
> interests of the clients of a deceased or disabled lawyer).

Defense counsel is a sole practitioner who, as noted, has on multiple occasions sought extensions

or missed deadlines due to his status as a sole practitioner, a medical condition, or both.  If

defense counsel finds himself unable to maintain the level of practice expected in federal court,

or to otherwise competently represent his clients, the Court urges him to confer with his clients

and seek assistance with management of the case.  In the meantime, the Court directs defense

counsel to share this Order, and all further orders, with his clients El Tequila, LLC, and Carlos

Aguirre.

       **IT IS THEREFORE ORDERED** that Defendants' Motion to File Answer to Plaintiff's

Third Amended Complaint Out of Time (Doc. 196) is **denied**.

       **IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to

Respond (Doc. 203) and Motion to File Responses Out of Time (Doc. 205) are **denied** with

respect to Documents 177, 178, 179, and 181; with respect to Documents 187, 188, and 190,

defendants' extension is **granted in part** and defendants' responses are **due** no later than May 1,

2015.

       **IT IS FURTHER ORDERED** that defense counsel is **directed** to provide his clients

with a copy of this Order and all further orders of the Court.

**SO ORDERED** this 23rd day of April, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE