IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Thomas E. Perez,<br>    Secretary of Labor,<br><br>        Plaintiff,<br><br>v.<br><br>EL TEQUILA, LLC, and CARLOS<br>AGUIRRE, Individually,<br><br>        Defendants. | Case No. 12-CV-00588-JED-PJC |

DEFENDANTS' BRIEF IN SUPPORT OF
SECOND MOTION
IN ACCORDANCE WITH FED. R. CIV. P. 59(e)
TO ALTER, AMEND, OR RECONSIDER THE OPINION AND ORDER AND THE
SUMMARY JUDGMENT GRANTED IN PART (DOC 233) ON JULY 10, 2015

COME NOW the Defendants and respectfully submit the following Arguments and Authorities:

**PROPOSITION I:**   THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF HAD NO FURTHER BURDEN TO PROVE ITS CASE FACTUALLY WITH REGARD TO THE PURPORTED CLAIMS BY PLAINTIFF REGARDING THE MANIPULATION OF THE CASIO RECORDS, AND THE TRIAL COURT SHOULD ALTER, AMEND, OR RECONSIDER THE OPINION AND ORDER (DOC 233).

The Opinion and Order refers to the Plaintiff's Third Amended Complaint (DOC 165 at 3). In that Complaint, the Plaintiff alleges that the Defendants "*have manually altered the electronic time record weekly reports in order to reduce the actual hours shown worked by employees.*" *(Doc. 165 at 3).* These allegations were deemed admitted. Accordingly, the Court found in the Order and Opinion (DOC 233 at 140) as follows: *"Defendant admitted those allegations, thus*

*placing no further burden upon Plaintiff to prove its case factually."* But these findings constitute error.

Simply because these allegations are deemed admitted does not automatically resolve the important factual disputes that are present. The fact that the Defendants manually altered the Casio records does not mean, of course, that such alterations were improper or that the reductions in the actual hours shown worked by employees were in error. In fact, the allegations in the Third Amended Complaint do not even include these facts. That is, the Plaintiff never alleges that the manual alterations were improper or that the wages paid to employees were inadequate because of the manual alterations. The Plaintiff completely ignores whether the actual hours shown worked by employees are accurate. Accordingly, even if the allegations contained in the Third Complaint are deemed admitted, such admissions do not rise to the level of eliminating all factual disputes. The simple allegation by the Plaintiff that the alterations were done *to reduce the actual hours shown worked by employees* does not resolve the factual disputes even if such allegations are deemed admitted. The Defendants will prove that legitimate reasons existed for the manual alterations, that such alterations are commonplace and necessary in the restaurant industry, and that they did not result in any improper wage reductions by the Defendants. Important and genuine disputes exist with regard to material facts. FRCP Rule 56. The Plaintiff still must prove these disputed facts. This burden still rests with the Plaintiff. The Plaintiff must prove its case factually.

The Court should grant this Motion and alter, amend, or reconsider the Order and Opinion in accordance with Fed.R.Civ.P 59(e).

        Respectfully submitted,

        WILKINSON LAW FIRM

By:    s/ Bill V. Wilkinson
       Bill V. Wilkinson, OBA No. 9621
       4812 East 81 Street #302
       Tulsa OK 74137
       Tel: 918/663-2252; Fax: 918/663-2254
       **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of August 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew P. Sallusti, Esq.
U.S. DEPARTMENT OF LABOR
Office of Solicitor
525 Griffin Street #501
Dallas TX 75202
972/850-3100
972/850-3101 Fax

        s/Bill Wilkinson
        Bill V. Wilkinson