IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>EL TEQUILA, LLC, and<br>CARLOS AGUIRRE, Individually,<br><br>Defendants. | Case No. 12-CV-00588-JED-PJC |

**DEFENDANTS' MOTION FOR STAY OF EXECUTION AND WAIVER OF SUPERSEDEAS BOND OR, IN THE ALTERNATIVE, APPROVAL OF A SUPERSEDEAS BOND CONSISTING OF IRREVOCABLE LETTERS OF CREDIT IN THE TOTAL AMOUNT OF $300,000.00**

COME NOW the Defendants and in support of their motion allege as follows:

The Court entered a judgment (DOC 308) on December 22, 2015, and an amended judgment (DOC 313) on January 6, 2016. In the amended judgment, the Court entered judgment against the Defendants in the amount of $2,137,627.44. The Defendants have filed their Notice of Appeal (DOC 314). The Defendants move the Court to stay execution pending the appeal and to waive the filing of a supersedeas bond.

The Trial Court has the discretion to grant a stay of execution without a supersedeas bond for the full amount of the judgment. <u>First Nat'l Bank v. Bell, 1988 U.S. Dist LEXIS 18552 (U.S.D.C. W.Dst of Okla 1988)</u>. The Court in First Nat'l Bank relied on the earlier decision by the Tenth Circuit in <u>Miami International Realty Co. v. Paynter, 807 F.2d 871 (10th Cir 1986)</u>. The decision in Miami International was explained as follows:

**In *Miami International* the Tenth Circuit held that the district court may grant a stay of execution without a supersedeas bond for the full amount of the judgment where the judgment debtor demonstrates objectively that posting a full bond is impossible or impractical, and where the judgment debtor proposes an alternative plan that will provide adequate (or as adequate as possible) security for the judgment creditor.**

In Miami International, the Tenth Circuit quoted from the decision in Texaco Inc. v. Pennzoil Company, 784 F.2d 1133, 1154, 1155 (2d Cir. 1986) as follows: *Accordingly, when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors. . . .* The Defendants urge that it is possible or impractical and that irreparable injury to the Defendants will result if they are required to post the full supersedeas bond. Such injury to the Defendants serves no real purpose and is contrary to the purpose and objective of the supersedeas bond. In Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189 (5th Cir. 1979) the Appellate Court explained that the District Courts' objective in ruling on a motion to stay "is to preserve the status quo" pending appeal. It does not require Defendants to post a full supersedeas bond to preserve the status quo. If the Defendants are required to post the full supersedeas bond, the status quo cannot and will not be maintained. (See Affidavit, Carlos Aguirre, attached as Exhibit 1.)

The Defendants urge the Court to grant the stay of execution and waive the requirement for a supersedeas bond because of the extraordinary and unusual circumstances. The Defendants are unable to file a full bond and to require the Defendants to do so is impossible or impractical. The Defendants do not have the financial ability to file such a bond. As was noted in Texaco Inc. v. Pennzoil Company consideration should be given by the Court to avoid *irreparably injury to the judgment debtors*. Requiring the full bond will result in irreparable injury and would force the

Defendants into bankruptcy. The Defendants would have no choice but to close the restaurants. All of the Defendants' employees would become unemployed.

The Tenth Circuit in Miami International Realty Co. v. Paynter cites United States v Kurtz, 528 F.Supp 1113, 1115 (D.Penn 1981) and quotes from that decision in which the Court imposes a duty on the moving party "***to propose a plan that will provide adequate (or as adequate as possible) security for the appellee***." Accordingly, the Defendants respectfully propose the following plans:

### PLAN A

1. The Court will stay execution pending the appeal.
2. The Court will waive the posting of a supersedeas bond.
3. The Defendants will agree to a court order which prohibits the Defendants from selling, transferring, or encumbering any assets–except in the ordinary course of business–without the Court's permission.

### PLAN B

1. The Court will stay execution pending the appeal.
2. The Court requires as supersedeas bond three irrevocable letters of credit as follows:

    a. The Defendants will deliver to the Court Clerk an irrevocable letter of credit issued by the Defendants' bank payable to the Court Clerk in the amount of $100,000.00 on January 21, 2016;

    b. A second irrevocable letter of credit in the amount of $100,000.00 on March 1, 2016; and

  c. A third irrevocable letter of credit in the amount of $100,000.00 on April 1, 2016.

3. The Defendants will agree to a court order which prohibits the Defendants from selling, transferring, or encumbering any assets–except in the ordinary course of business–without the Court's permission.

WHEREFORE, Defendants pray the Court to grant this Motion to Stay Proceedings as herein set forth.

            Respectfully submitted,

            WILKINSON LAW FIRM

       By: s/ Bill V. Wilkinson
          Bill V. Wilkinson, OBA No. 9621
          4812 East 81 Street #302
          Tulsa OK 74137
          Tel: 918/663-2252; Fax: 918/663-2254
          **Attorney for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of January 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew P. Sallusti, Esq.
U.S. DEPARTMENT OF LABOR
Office of Solicitor
525 Griffin Street #501
Dallas TX 75202
972/850-3100
972/850-3101 Fax

            s/Bill Wilkinson
            Bill V. Wilkinson