UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,[1] | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 12-CV-588-JED-PJC<br>) |
| EL TEQUILA, LLC, and<br>CARLOS AGUIRRE, Individually, | )<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion and Brief for Emergency Relief (the "Motion") (Doc. 337). On February 26, 2016, the Court granted the Motion in part, and took under advisement plaintiff's request for sanctions and costs. (Doc. 347 at 2). Specifically, plaintiff requests the Court to sanction defendants "for their continued practice of taking unsupportable positions and requiring the Plaintiff to either file or respond to unnecessary motions." (Doc. 337 at 2). Plaintiff also asks for an award of costs incurred in its filing of the Motion. (*Id.* at 3).

On February 17, 2016, the Court entered an Order directing the parties to commence expedited Rule 69 post-judgment discovery. (Doc. 334). Plaintiff's Motion was filed five days later, asserting that defendants were unwilling to allow plaintiff to depose both defendants[2] for seven hours each, and that defendants would not provide them with any guidance regarding the

---

[1] Alexander Acosta was sworn in as Secretary of Labor on April 28, 2017. In accordance with Fed. R. Civ. P. 25(d), he is automatically substituted for Thomas Perez, former Secretary, as a party in this case.
[2] Carlos Aguirre was to be deposed on behalf of both defendants, as a personal deponent and a corporate deponent.

extent of financial information and documents they intended to produce. (Doc. 337 at 2). Defendants' Response asked the Court to limit the deposition time to seven hours total and to deny plaintiff's request for sanctions and costs. (Doc. 344 at 2).

Fed. R. Civ. P. 37, which governs sanctions for discovery misconduct, is applicable here.[3] Rule 37(a)(5)(A) mandates the district court to order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in filing a discovery motion if the opposing party's discovery motion is granted, or the party provided discovery only after the discovery motion was filed. *See* Fed. R. Civ.P. 37(a)(5)(A); *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) (affirming district court's award of attorney's fees incurred by party in filing motions to compel because the motions resulted in the opposing party's compliance or an order to compel). However, a court may not award payment of attorney's fees if the movant filed the motion before making a good-faith attempt to obtain discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

In this case, the Court granted plaintiff's request to compel the depositions of defendant Aguirre, and ordered defendants to produce defendant Aguirre for two days of depositions at seven hours each, if it was determined to be necessary. (Doc. 347 at 2). The facts clearly demonstrate that plaintiff's Motion resulted in an order by the Court mandating defendants' compliance with discovery.[4] Under Rule 37(a)(5)(A), an award of reasonable expenses incurred by plaintiff in

---

[3] Plaintiff's Motion does not identify the federal rule under which it seeks sanctions. Upon review of the Federal Rules, the Court finds that Fed. R. Civ. P. 37 is applicable because plaintiff's request for sanctions arose in the context of a discovery dispute.

[4] Indeed, plaintiff's Response states that defendants "never offer solutions to problems until after Plaintiff has spent time and resources either having to file motions or respond to unmeritorious pleadings." (Doc. 346 at 3).

filing and responding to the Motion is therefore mandated. Moreover, none of the exceptions listed in Rule 37(a)(5)(A)(i)-(iii) apply to the facts of this case. Specifically, plaintiff's Motion details its good-faith efforts to schedule defendant Aguirre's depositions and obtain information from defendants about discovery prior to filing the Motion; defendants' Response, which cites no supporting case law, fails to demonstrate they were substantially justified in contending plaintiff was not entitled to seven hours of discovery per defendant as required by Fed. R. Civ. P. 30(d)(1); and defendants have provided no evidence that other circumstances exist to make an award of expenses unjust.

The Court next addresses plaintiff's request for sanctions. The purpose of a Rule 37 sanction is to penalize and deter abuse of the discovery process. *See Diaz v. Romer*, 961 F.2d 1508, 1512 (10th Cir. 1992); *see also National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Rule 37(b)(2) grants the Court wide discretion to impose sanctions for failure to obey an order to provide or permit discovery, including striking pleadings, staying further proceedings until the order is obeyed, dismissal of the action, rendering a default judgment against the disobedient party, or treating the party's failure to obey as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A). Sanctions imposed under Fed. R. Civ. P. 37(b)(2) "must be in the interests of justice and proportional to the specific violation of the rules." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996). The court may, "instead of or in addition to" imposing sanctions listed in Rule 37(b)(2)(A), order the disobedient party to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(b)(2)(C).

The Court notes that this is not the first instance in which defendants have demonstrated an unwillingness to comply with discovery rules. (*See* Doc. 232 (finding defendants' pretrial disclosures insufficient to meet requirements of Fed. R. Civ. P. 26(a)(3)(A)(iii)). Nonetheless, for

the reasons discussed above, the Court finds that an award of reasonable expenses incurred by plaintiff in filing the Motion, including attorney's fees, is an appropriate sanction to both penalize defendants' conduct with respect to post-judgment discovery and deter similar conduct in the future.

IT IS THEREFORE ORDERED that plaintiff's request for sanctions and costs in its Motion and Brief for Emergency Relief (Doc. 337) is **granted**. Defendants are directed to pay plaintiff reasonable expenses incurred in filing the Motion, including attorneys' fees, in an amount to be determined. Plaintiff shall, within seven (7) days of the date of this Order, provide the Court with an affidavit itemizing the reasonable expenses and attorney's fees it has incurred. Defendants shall have seven (7) days thereafter to file a response.

**SO ORDERED** this 28th day of July, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE